[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-14140

Non-Argument Calendar

_____

METAL CONVERSION TECHNOLOGIES, LLC,

                                                                              Petitioner,

*versus*

U.S. DEPARTMENT OF TRANSPORTATION,
Pipeline and Hazardous Material Safety
Administration (PHMSA),

                                                                              Respondent.

_____

2                  Opinion of the Court                  22-14140

Petition for Review of a Decision of the
U.S. Department of Transportation
Agency No. 18-0086-HMI-SW

_____

Before BRANCH, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

    This petition for review is DISMISSED as untimely. Metal Conversion Technologies, LLC ("MCT") contends that it did not receive notice of the Pipeline and Hazardous Material Safety Administration's ("PHMSA") July 25, 2022, decision assessing a civil penalty against it until October 18, 2022. However, PHMSA sent a copy of the decision by certified mail to Deitra Crawley, MCT's legal counsel at the time the decision was issued, on August 2, 2022. According to the regulations governing PHMSA proceedings, MCT received notice of the decision on that date. *See* 49 C.F.R. § 105.35(a). Therefore, PHMSA's decision became final on August 2, 2022, and MCT's petition for review was due by October 3, 2022. *See* Fed. R. App. P. 26(a)(1)(C); 49 U.S.C. §§ 5123(b), 5127(a). Thus, MCT's petition for review, filed on December 15, 2022, was untimely.

    While MCT argues that the 60-day filing deadline contained in 49 U.S.C. § 5127(a) is not jurisdictional and, thus, subject to equitable tolling, even claims-processing rules are not subject to equitable tolling if the text of the rule precludes flexibility. *See Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714-15 (2019)

| 22-14140 | Opinion of the Court | 3 |

(discussing how the time limitation in Federal Rule of Civil Procedure 23(f) is not subject to equitable tolling based on the language in Federal Rule of Appellate Procedure 26(b)(1)). Moreover, an extension of the 60-day deadline that applies here is not "specifically authorized by law." *See* Fed. R. App. P. 26(b)(2).